IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

GLORIA FRAZIER,   Civil Action File No.
       4:23-cv-00087-CDL
      Plaintiff,

v.

WALMART, INC. D/B/A
WALMART SUPERCENTER #1311,
AND JOHN DOE,

      Defendants.
_____/

## CONSENT PROTECTIVE ORDER

By agreement of the parties, and for good cause, the Court finds that a protective order should be entered pursuant to Federal Rule of Civil Procedures 26 for the purpose of protecting commercial and confidential information and trade secrets of Defendant Walmart Inc., (hereinafter "Defendant") and of all other Wal-Mart entities.

1.

This protective order shall apply to documents and to other things marked "CONFIDENTIAL" by Defendant prior to production in this matter, as well as to the testimony of Defendant's corporate representative(s) concerning same.

2.

All such documents, things, and testimony produced by Defendant pursuant to paragraph 1 above shall be used only in the course of the above-captioned proceedings. All such documents, things, and testimony produced by Defendant pursuant to paragraph 1 shall not be used, or provided for use, in any other litigation or proceedings; and shall not be published (orally, electronically, or by any other means) to any person, except as designated herein.

3.

Any counsel of record in this action may disclose protected materials and information to their employees, experts, consultants, and witnesses to whom it is necessary that the material be disclosed for purposes of this litigation. The counsel making such a disclosure must ensure that the individual has read a copy of this Protective Order and agrees to be bound by its provisions.

4.

Before receiving access to any materials or information within the scope of this Order, any person not employed by a party or its counsel shall execute a "Written Assurance" in the form contained in Exhibit A, attached hereto. All parties and their respective counsel who permit access to Protected Documents to such a person shall retain each such executed "Written Assurance" and shall keep

a list identifying all persons described in this paragraph to whom protected documents have been disclosed.

5.

Any party contesting whether or not a document or thing should be marked "CONFIDENTIAL" will notify Defendant, via its counsel, in writing and specifically identify which document he/she contends should not be marked "CONFIDENTIAL."  The parties then will have seven (7) business days after receipt of the aforementioned notification to resolve the dispute without Court intervention. If the parties are not able to resolve the dispute within seven (7) business days, the party contesting the "CONFIDENTIAL" designation shall submit the document or thing, under seal, to the Court for an in-camera inspection and final decision as to whether or not the document should remain "CONFIDENTIAL."

6.

Each party agrees that before filing with the Clerk of Court any paper (including, without limitation, an affidavit, memorandum, or motion) that discloses, directly or indirectly, all or part of any document or thing described in paragraph 1 above, such paper shall be filed under seal and labeled "CONFIDENTIAL."

7.

Upon conclusion of this action, counsel for each party who has received documents and materials described in paragraph 1 shall be responsible for ensuring that the original and all copies made are stored in a manner that ensures their continued protection pursuant to this Order, until such time as the original and all copies made have been destroyed or returned to Defendant's counsel.

8.

After the final termination of this action, the restrictions on communication and disclosure provided for herein shall continue to be binding upon the parties and all other persons to whom documents designated as confidential or information contained therein have been communicated or disclosed pursuant to this Order or to any other order of this Court.

9.

If any violation of this Order occurs, the parties agree that the party alleging a violation shall notify the offending party and allow a good faith opportunity to resolve the dispute before seeking relief from this Court.  It is understood that if this Court finds that any person has knowingly violated this Protective Order, the Court may determine the penalties to be paid to Defendant, including any attorneys' fees or expenses associated with the prosecution of said violation, and

any other sanctions that the Court finds appropriate under the circumstances.

SO ORDERED this 28th day of July, 2023.

S/Clay D. Land

_____

The Honorable Clay D. Land
United States District Judge

Consented to by:

| The Law Offices of Gary Bruce | McLain & Merritt, P.C. |
|---|---|
| */s/J. Brandon Snelling* | */s/ Nicholas E. Deeb* |
| *(by express permission NED)* | Nicholas E. Deeb |
| J. Brandon Snelling | Georgia Bar No. 117025 |
| Georgia Bar No. 532402 | Attorney for Defendant |
| Counsel for Plaintiff | 3445 Peachtree Road, N.E. |
| 912 Second Avenue | Suite 500 |
| Columbus, GA 31901 | Atlanta, GA 30326-3240 |
| (706) 596-1445 | (404) 365-4535 |
| brandon@garybrucelaw.net | ndeeb@mmatllaw.com |